STATE ex rel. EDWARD T. YOUNG v. C. B. JACK.[1]

June 8, 1906.

Nos. 14,861—(208).

**Elections—Filing Oath of Office.**

 The charter of the city of Stillwater contains the following provisions: "The city clerk shall forthwith give notice to the officers elected of their respective elections." "Any officer who shall refuse or neglect for ten days after notice of his election or appointment, to enter upon the discharge of the duties of his office, shall be deemed to have vacated his office." "Every person, elected or appointed under this act, shall, before he enters upon the duties of his office, take and subscribe an oath of office and file the same with the clerk of the city."

 *Held:* The special municipal judge, elected at the general election November 7, 1905, for the ensuing term, to commence the second Tuesday of April following, duly qualified and accepted the office, although his official oath was not executed and filed with the city clerk until December 7, 1905.

Information filed in the supreme court by the attorney general for a writ of quo warranto to determine by what right respondent assumed to hold the office of special municipal judge in the city of Stillwater. To the answer of respondent the relator demurred. The opinion states the facts. Writ granted.

*Edward T. Young,* Attorney General, and *Royal A. Stone,* Assistant Attorney General, for relator.

*C. B. Jack* and *H. H. Gillen,* for respondent.

LEWIS, J.

Information issued upon the relation of the attorney general, praying for a writ of quo warranto, states that respondent was duly qualified and entered upon the discharge of his duties as special judge of the municipal court of the city of Stillwater on the second Tuesday in April, 1902, and that his office duly expired by limitation on the second Tuesday (the tenth) of April, 1906; that at the general election of the city of Stillwater held on November 7, 1905, M. E. Sullivan was elected

[1]Reported in 108 N. W. 10.

special judge of such municipal court for the term beginning on the second Tuesday in April, 1906; that November 13, 1905, the city clerk of such city notified Mr. Sullivan of his election as such special judge; that November 24, 1905, Mr. Sullivan took and subscribed the oath required by law, and December 7, 1905, filed the same with the city clerk of Stillwater, as required by law; that April 10, 1906, the judge-elect, Sullivan, demanded of respondent that he vacate the office of special judge and cease to exercise and attempt to exercise the duties thereof, and that respondent, without any authority of law, refuses to vacate the office and seeks to prevent the judge-elect from exercising the duties thereof. The answer admits all the essential facts set out in the information, but alleges that the oath of office taken and filed was not in accordance with the charter of the city of Stillwater, and denies that the term of office of respondent expired by limitation April 10, 1906, upon the ground that his successor had not been duly elected and qualified as prescribed by law. Demurrer was entered to the answer, and there is presented upon the pleadings the single question, whether M. E. Sullivan duly qualified as required by the Stillwater charter.

Section 9, c. 2, of the original charter (Sp. Laws 1881, p. 533, c. 92), reads in part:

> Any officer who shall refuse or neglect for ten days after notice of his election or appointment, to enter upon the discharge of the duties of his office, shall be deemed to have vacated his office.

Section 10, in part, reads:

> Every person elected or appointed under this act, shall, before he enters upon the duties of his office, take and subscribe an oath of office and file the same with the clerk of the city.

By chapter 50, p. 550, Sp. Laws 1891, the time of the city election in Stillwater was changed from the first Tuesday in April to the first Tuesday after the first Monday in November; but the term of the various offices remained the same as before, and began on the second Tuesday in April following, with the usual provision that such officers

should remain in office until their successors were elected and qualified. The charter also provides (section 8) that the city clerk shall forthwith, after canvass of the returns and declaration of the result, give notice to the officers elected of their respective elections. At the time Mr.. Sullivan was elected, therefore, November 7, 1905, the express provisions of the charter were that the clerk should. give him the requisite notice within the time prescribed, and that if he should fail to enter upon the discharge of the duties of his office within ten days after such notice he should be deemed to have vacated the office. So the question arises: What is meant by entering upon the discharge of the duties of the office?

In the absence of an express provision that the officer elected should take and file the oath of office within ten days, is there any warrant for holding that the language of this provision was intended to apply to the oath? The term of office did not begin until the second Tuesday of the following April, and it is argued that, if this provision does not refer to qualification by filing the oath, then there is no provision on the subject, and the officer has until the commencement of his term to determine whether or not he will accept the office. Whatever may have been the original intention of the framers of the charter when the election was held on the first Tuesday and the term of office commenced on the second Tuesday, it is quite evident that under the law as it then stood there was no particular necessity for requiring the officer to qualify in advance of the commencement of his term, and hence it is reasonable to assume that the limitation to enter upon the duties of the office within ten days from the notice, had reference to the beginning of the term rather than to the completion of his qualification by taking and filing the oath. If this was the proper construction of the charter as it then stood, no other inference can very well be drawn from the fact that the date of the election was changed. Our view of the matter is that the charter does not require a special municipal judge, elected at the November election for the term commencing the second Tuesday of the following April, to take and file his oath of office until he is required by the charter to enter upon the performance of his duties. In other words, he has until the commencement of his term to qualify as such officer, no other qualification being required.

It follows, then, that the facts set out in the answer do not constitute a defense, and the writ should issue as prayed for.

Writ granted.